UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas A. Jaramillo,                               Civ. No. 04-3876 (MJD/FLN)

    Petitioner,

    v.

Donald L. Stine, Warden                            **REPORT AND RECOMMENDATION**

    Respondent.

___

Thomas A. Jaramillo, *pro se,* for Petitioner.
Frank J. Magill, Jr., Assistant U.S. Attorney, for Respondent.

___

**THIS MATTER** came before the undersigned on Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1].  On August 27, 2004, this Court signed an Order directing the U.S. Attorney's Office ("Respondent") to respond in writing within 30 days from the date of the Order and to Show Cause as to why Petitioner's Writ should not be granted [#5].  A response was filed on September 27, 2004 [#7].  The matter has been referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).  On September 28, 2004, Petitioner filed a Motion to Grant Relief on Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 [#8] on the grounds that Respondent failed to comply with this Court's August 27, 2004, Order.  For the reasons discussed below, this Court concludes that both Petitioner's Writ of Habeas Corpus [#1] and Petitioner's Motion to Grant Relief [#8] should be Denied.

**I. FACTUAL BACKGROUND**

Mr. Thomas Jaramillo is in custody at the Federal Prison Camp in Duluth, Minnesota. (Petition, 1).  Mr. Jaramillo was convicted in the United States District Court for the Southern

District of Iowa, for conspiracy to distribute cocaine. (Id.). On February 26, 1999, he was sentenced to a term of imprisonment of 180 months. (Id.). Mr. Jaramillo has a projected release date of February 7, 2011, after the application of accrued Good Conduct Time Credit ("good time credit"). (See Buege Declaration, Attachment A, Public Information Data.).

Petitioner Jaramillo alleges that the Bureau of Prisons ("BOP"), through Warden Donald L. Stine, has violated his statutory and due process rights by failing to appropriately calculate his good conduct time credits in accordance with 18 U.S.C. § 3624(b). (Petition, 1). Petitioner argues that the BOP has misinterpreted the federal statute that governs the award of good time credit, and has therefore miscalculated his projected release date. Specifically, Petitioner contends that the BOP should calculate his good time credit based on the length of sentence imposed, rather than calculating his good time credit based on the time actually served, the approach currently taken. (Memorandum in Support of § 2241 Petition). Petitioner states that he will only receive 47 days of good time credit per year served instead of the full 54 days as intended by 18 U.S.C. § 3624(b). (Id., 1). Petitioner asserts that he should be granted 54 days of good time credit for each year of his sentence imposed making his projected release date October 25, 2010, as opposed to February 7, 2011, as calculated by the BOP. (Id., 14).

Respondent contends that Mr. Jaramillo's petition should be denied on the merits, because the BOP appropriately calculated the Petitioner's good time credit pursuant to 18 U.S.C. § 3624(b).[1] For the reasons discussed below, this Court agrees with Respondent and recommends that

---

[1] Respondent also argues, in the alternative, that the Petition should be dismissed procedurally because Petitioner has failed to exhaust his administrative remedies. Petitioner concedes that he has purposely not exhausted his administrative remedies, in part, because it would have been futile. (Petition, 3). It is well-settled that federal prisoners, as a general rule, must exhaust their available administrative remedies before seeking federal habeas corpus relief

Petitioner's Writ of Habeas Corpus [#1] be denied.

## I. DISCUSSION

The issues before this Court include (1) Petitioner's Writ of Habeas Corpus [#1] and (2) Petitioner's Motion to Grant Relief [#8]. This Court finds that Petitioner's Motion to Grant Relief on the grounds that the Respondent failed to respond should be Denied because Respondent submitted their response within the required 30 days set forth by this Court's August 27, 2004, Order. As such, it is only necessary to address Petitioner's Writ of Habeas Corpus on the merits. This Court finds that Mr. Jaramillo's Petition for Writ of Habeas Corpus should be Denied because the BOP's policy of calculating Petitioner's good time credit based on the time he actually served is consistent with the good time credit statute, 18 U.S.C. § 3624(b)(1).

Title 18 U.S.C. § 3624(b)(1), the statute governing the calculation of good time credit, states:

> "[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons

---

under 28 U.S.C. § 2241. U.S. v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989). In this case, however, it appears that pursuing administrative relief may have been futile given the BOP's consistent rejections of Petitioner's interpretation of the good time credit statute. See Henderson v. Scibana, No. 04-C-415-C, 2004 WL 2009241, (W.D.Wis. 2004) (federal prisoner excluded from the exhaustion requirement because the BOP had clearly indicated that it would not accept prisoner's interpretation of the good time credit statute). Petitioner in this case has submitted a "Notice to Inmates" of the Federal Prison Camp in Duluth, Minnesota from the BOP to that same effect stating the BOP's policy of calculating good time credit based on time actually served rather than on the time imposed was still in effect. As such, this Court will assume without deciding, for the present purposes only, that exhaustion of administrative remedies would have been futile and proceed to dismiss this Petition on the merits.

>that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

The BOP regulation interpreting § 3624 explains, "[p]ursuant to 18 U.S.C. 3624(b) . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year."  28 C.F.R. § 523.20.

Under these provisions, at the end of each full year of a prisoner's actual imprisonment, the BOP determines whether the prisoner has met the requirements for good time credit and, if so, it may award him a credit of 54 days towards the remainder of his sentence.[2] For each year of actual imprisonment, on the anniversary of the commencement date of the prisoner's sentence, the 54 days are subtracted from the prisoner's release date, thereby advancing the prisoner's release date. Under the BOP policy, if the last portion of the prisoner's sentence is less than a year, the amount of good time credit he is eligible to receive for that portion of his sentence, is prorated based on the remaining time left to serve, as opposed to the sentence imposed. If a release date has been advanced, then the remaining time left to serve is less than the sentence that was initially imposed. Under the BOP policy, the amount of prorated good time credit that the prisoner is eligible to receive is less than if the prorated good time credit was calculated based on the rest of the sentence imposed, which the prisoner will not be serving due to the subtraction of the good time credit already awarded to the prisoner. Put differently, the BOP calculates good time credit based on time actually served and not the total length of the imposed sentence. A prisoner will not receive good time credit for

---

[2] The calculation method can be found in detail in the BOP Program Statement, which explains how the program works in various situations.  See BOP Program Statement 5880.28.

those portions of his sentence he does not actually serve.

In the present case, the BOP calculated Petitioner's good time credit in accordance with that procedure. Petitioner contends that the BOP's policy of calculating good time credit based on the time actually served, as opposed to the sentence imposed, is contrary to the intent of Congress that prisoners are eligible to earn 54 days for each year of the term of imprisonment. (Petition, 3). Petitioner alleges that his good time credit should be calculated based on the length of his sentence imposed, not on the time he would actually serve. The question before the Court is whether the BOP's practice of calculating good time credit based on time served, rather than sentence imposed, is consistent with § 3624(b). Specifically at issue is whether calculation of good time credit based on "time served" is consistent with the statutory language "term of imprisonment." Petitioner argues that "term of imprisonment" means the full term of the original prison sentence imposed by the trial court. The BOP contends that "term of imprisonment" means the number of days that the prisoner actually spends in prison - i.e. the number of days between the commencement date of the sentence and his final projected release date.

Petitioner's interpretation of the good time credit statute has been adopted in only a very small minority of district court decisions. White v. Scibana, 314 F.Supp.2d 834 (W.D. Wis. 2004); Williams v. Dwalt, 351 F.Supp.2d 412 (D.Md. 2004); Moreland v. Federal Bureau of Prisons, No. CIV.A. H-04-3658, 2005 WL 757154, (S.D.Tex. Apr. 1, 2005). Indeed, only the White decision has been reviewed on appeal and then, it was reversed by the Seventh Circuit Court of Appeals, which upheld the BOP's interpretation of the statute. White v. Scibana, 390 F.3d 997 (7th Cir. 2004). The Seventh Circuit joined the Ninth Circuit Court of Appeals, which had previously upheld the BOP's construction of § 3624(b) in Pacheco-Camacho, 272 F.3d 1266 (9th Cir. 2001). The Court of

Appeals for the First, Third, and Sixth Circuits have also agreed that the BOP's interpretation of the statute should be upheld.  Perez-Olivo v. Chavez, 394 F.3d 45, 51-52 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172 (3rd Cir. 2005);  Brown v. Hemingway, 53 Fed.Appx 338, 2002 WL 31845147 (6th Cir. Dec. 16, 2002) (unpublished opinion), cert. denied, 535 U.S. 1105 (2002).

There are numerous decisions by this District and other Districts that have also rejected Petitioner's interpretation of the good time statute, and upheld the BOP's position.  See e.g., Boyer v. Hollingsworth, Civ. No. 04-1105 (JMR/RLE) (D.Minn., Report and Recommendation, dated Oct. 6, 2004);  Whitfield v. Hollingsworth, Civ. No. 04-2730 (PAM/JSM) (reported at 2004 WL 3049763);  James v. Outlaw, Civ. No. 03-5476 (RHK/FLN) (D. Minn. 2004); Parks v. Anderson, Civ. No. 03-3455 (JNE/SRN);  Bush v. Anderson, Civ. No. 03-3535 RHK/JGL (D.Minn. 2003); Graves v. Bledsoe, 334 F.Supp.2d 906 (W.D.Va. 2004);  Pasciuti v. Drew, 2004 WL 1247813 (N.D.N.Y. June 2, 2004); Loeffler v. Bureau of Prisons, 2004 WL 2417805 (S.D.N.Y. 2004); Sash v. Zenk, 344 F.Supp.2d 376 (E.D.N.Y. 2004);  Martinez v. Wendt, 2003 WL 22456808 (N.D.Tex 2003).

Furthermore, this Court has already held that the BOP policy of calculating good time credit based on time actually served is consistent with § 3624(b).  James v. Outlaw, Civ. No. 03-5476 (RHK/FLN) (D. Minn., Report and Recommendation, dated May 5, 2004).  That decision was upheld by the District Court.  James, Civ. No. 03-5476 (RHK/FLN) (D. Minn., Order adopting Report and Recommendation, dated June 21, 2004).  Most significantly, that decision was upheld by the Eighth Circuit Court of Appeals.  James v. Outlaw, 2005 WL 677769 (8th Cir. March 24, 2005) (unpublished opinion).

This Court in James followed the Ninth Circuit's analysis in Pacheco-Camacho which

6

involved the same challenge to the BOP's interpretation of Section 3624(b). James, Civ. No. 03-5476 (RHK/FLN) (D. Minn. 2004); Pacheco, 272 F.3d 1266 (9th Cir. 2001). The Court in Pacheco, reviewed the BOP's interpretation of the statute using the two step analysis set forth in Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). Under Chevron, when a Court reviews a challenge to an Administrative Agency's interpretation of a statute, the Court must first examine the statute itself to determine whether "Congress has directly spoken to that precise question at issue," in a way that "the intent of Congress is clear." Pacheco, 272 F.3d at 1268, quoting Chevron, 467 U.S. at 842. If the intent of Congress is not clear and the statute is silent or ambiguous on the issue, deference is given to the agency's interpretation if it "is based on a permissible construction of the statute." Id., quoting Chevron, 467 U.S. at 843. The Ninth Circuit found, and this Court along with other courts agreed, that Congress's intent is silent in the statute and the BOP's policy of calculating good time credit based on time served, rather than the sentence imposed, was a reasonable interpretation of the statute and, as such, should be given deference. Pacheco, 272 F.3d at 1272; James, Civ. No. 03-5476 (RHK/FLN) (D. Minn. 2004) at 9; See also Boyer, Civ. No. 04-1105 (JMR/RLE) (D.Minn., Report and Recommendation, dated Oct. 6, 2004) at 12; Bush v. Anderson, Civ. No. 03-3535 RHK/JGL (D.Minn. 2003) at 7; Brown v. Hemingway, 53 Fed.Appx 338, 2002 WL 31845147 (6th Cir. Dec. 16, 2002).

Citing the Seventh Circuit's reversal of White, the Ninth Circuit in Pacheco, and the Supreme Court in Chevron, the Eighth Circuit Court of Appeals concluded that the good time credit statute is ambiguous and the BOP's interpretation of the statue is reasonable:

> "We conclude that § 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed. Since the BOP regulation was adopted through the notice and comment procedure, it is entitled to deference under [Chevron], and we conclude

7

that it is a reasonable interpretation of the statute."

James, 2005 WL 677769 (8th Cir. March 24, 2005) (unpublished opinion).

Based on the Eighth Circuit's findings along with the authority and reasoning of all the cases cited above, this Court concludes that the phrase "term of imprisonment," as used in § 3624(b)(1), is ambiguous, and that the BOP's interpretation of that phrase is reasonable and should receive deference. Accordingly, the BOP's calculation of the Petitioner's good time credit based on time actually served should be upheld and the Petition for Writ of Habeas Corpus should be Denied.

### III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] should be **DENIED**; and

(2) Petitioner's Motion to Grant Relief on Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 [#8] should be **DENIED**.

DATED: May 6, 2005.　　　　　　　　　　　　s/ *Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 25, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.